# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **ALEXIS PARNELL-DOUGHARTY,** | § | **Civil Action No. _____** |
| **MONICA SILERIO, JOY HENRY, and** | § | |
| **WILLIAM LOUNSBURY,** | § | |
| Individually and on behalf | § | **JURY TRIAL DEMANDED** |
| of all others similarly situated | § | |
| | § | |
| *Plaintiff*s, | § | |
| | § | **COLLECTIVE ACTION** |
| v. | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| **EMPEREON MARKETING, LLC** | § | **CLASS ACTION** |
| | § | **PURSUANT TO FED. R. CIV. P. 23(b)** |
| *Defendant* | § | |

---

## PLAINTIFFS' ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

---

Plaintiffs Alexis Parnell-Dougharty, Monica Silerio, Joy Henry, and William Lounsbury bring this action individually and on behalf of all current and former non-exempt call-center employees (hereinafter "Plaintiffs and the Putative Class Members") who worked for Empereon Marketing, LLC (hereinafter "Defendant" or "Empereon"), at any time during their relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), the Arizona Fair Wages and Healthy Families Act ("Arizona Act"), A.R.S. § 23-350 *et. seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.,* and the South Carolina Payment of Wages Act, SC CODE ANN. § 41-10-10, *et seq.* ("SCPWA" or "South Carolina Act"); and pursuant to Texas common law.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their additional state law claims are asserted as class actions under Federal Rule of Civil Procedure 23(b)(3).

# I.
## OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and class actions pursuant to the laws of Texas, Arizona, South Carolina, and Pennsylvania under Rule 23 of the Federal Rules of Civil Procedure.

2.      Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for Empereon in call centers throughout the United States at any time during their relevant statutes of limitations through the final disposition of this matter and have not been paid for all hours worked in violation of state and federal law.

3.      Specifically, Empereon has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly employees—Plaintiffs and the Putative Class Members— to perform work off-the-clock and without pay in violation of state and federal law.

4.      Empereon's company-wide policies have caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiffs and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.       Empereon knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek on a routine and regular basis during the relevant statutes of limitations.

7. Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA, the Arizona Act, the PMWA, or the SCPWA.

8. Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their respective Texas, Arizona, Pennsylvania, and South Carolina state law claims as class actions pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also pray that the Rule 23 classes are certified as defined herein, and that Plaintiff Parnell-Dougharty designated herein be named as Class Representative for the Texas Common Law Class, Plaintiff Silerio designated herein be named as Class Representative for the Arizona Act Class, Plaintiff Lounsbury designated herein be named as Class Representative for the PMWA Class, and Plaintiff Henry designated herein be named as Class Representative for the SCPWA Class.

## II.
## THE PARTIES

11. Plaintiff Alexis Parnell-Dougharty ("Parnell-Dougharty") was employed by Empereon in Texas during the relevant time period. Plaintiff Parnell-Dougharty did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Alexis Parnell-Dougharty is hereby attached as Exhibit A.

12.     Plaintiff Monica Silerio ("Silerio") was employed by Empereon in Arizona during the relevant time period. Plaintiff Silerio did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13.     Plaintiff William Lounsbury ("Lounsbury") was employed by Empereon in Pennsylvania during the relevant time period. Plaintiff Lounsbury did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

14.     Plaintiff Joy Henry ("Henry") was employed by Empereon in South Carolina during the relevant time period. Plaintiff Henry did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[4]

15.     The FLSA Collective Members are those current and former call-center employees who were employed by Empereon anywhere in the United States at any time from July 20, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

16.     The Texas Common-Law Class Members are those current and former call-center employees who were employed by Empereon in the State of Texas at any time from July 20, 2014 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Parnell-Dougharty worked and was paid.

---

[2] The written consent of Monica Silerio is hereby attached as Exhibit B.

[3] The written consent of William Lounsbury is hereby attached as Exhibit C.

[4] The written consent of Joy Henry is hereby attached as Exhibit D.

17.     The Arizona Class Members are those current and former call-center employees who were employed by Empereon in the State of Arizona at any time from July 20, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Silerio worked and was paid.

18.     The PMWA Class Members are those current and former call-center employees who were employed by Empereon in the State of Pennsylvania at any time from July 20, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Lounsbury worked and was paid.

19.     The South Carolina Class Members are those current and former call-center employees who were employed by Empereon in the State of South Carolina at any time from July 20, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Henry worked and was paid.

20.     Defendant Empereon is a foreign for-profit corporation, licensed to and doing business in Texas, and can be served with process through its registered agent, **Business Filings Incorporated, 701 Brazos Street, Suite 360, Austin, Texas, 78701.**

### III.
### JURISDICTION & VENUE

21.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

22.     This Court has supplemental jurisdiction over the additional Texas, Arizona, Pennsylvania and South Carolina state law claims pursuant to 28 U.S.C. § 1367.

23.     This Court has personal jurisdiction over Empereon because the cause of action arose within this district as a result of Empereon's conduct within this District and Division.

24.     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

25.     Specifically, Empereon has maintained a working presence throughout the State of Texas (and the United States), and Plaintiff Parnell-Dougharty worked in Alvin, Brazoria County, Texas throughout her employment with Empereon, all of which are located within this District and Division.

26.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

27.     Empereon operates call centers throughout the United States and holds itself out as a "leading provider of contact center solutions."[5]

28.     Upon information and belief, Empereon is a privately held company operating throughout the United States, including operations in Alvin, Brazoria County, Texas.

29.     Plaintiffs and the Putative Class Members' job duties consisted of answering phone calls made by Empereon's clients' customers, answering those customers' inquiries, troubleshooting on behalf of those customers, and generally assisting those customers.

30.     Plaintiff Parnell-Dougharty was employed by Empereon in customer service in Alvin, Brazoria County, Texas from approximately July 2017 to November 2017.

31.     Plaintiff Silerio was employed by Empereon in customer service in Phoenix, Arizona from approximately June 2016 to January 2018.

32.     Plaintiff Lounsbury was employed by Empereon in customer service in Coudersport, Pennsylvania from approximately February 2018 until April 2018.

---

[5] https://www.empereon-constar.com/about.html.

33.     Plaintiff Henry was employed by Empereon in customer service in Greenville, South Carolina from approximately September 2017 until December 2017.

34.     Plaintiffs and the Putative Class Members are non-exempt employees that were paid by the hour.

35.     Plaintiffs and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

36.     In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members often worked up to six and one half (6 ½) hours "off-the-clock" per week and were never compensated for that time.

37.     Plaintiffs and the Putative Class Members have not been compensated for all of these hours worked for Empereon as a result of Empereon's company-wide policy and practice of requiring all call-center employees to be ready to take their first phone call the moment their official shift starts.

38.     Specifically, Plaintiffs and the Putative Class Members were (and are) required to start and log-in to their computer, open multiple different Empereon computer programs, log-in to each Empereon program, and ensure that each Empereon program is running correctly, all of which can take up to one (1) hour to have ready before they were (and are) able to take their first phone call, which comes in as soon as their official shift starts.

39.     During this start-up time, Plaintiffs and the Putative Class Members were not compensated although they were (and are) expected to have completed this process in advance of their official start time(s).

40.     Empereon also required Plaintiffs and the Putative Class Members to be logged on and have all the requisite computer programs running before their first phone call, at the start of their official shift. As such, Empereon required (and continues to require) that Plaintiffs and the Putative Class Members perform these start-up tasks "off-the-clock" before their official shift begins.

41.     As a result of Empereon's company-wide policy and practice of requiring Plaintiffs and the Putative Class Members to perform these start-up tasks before their shifts begin, Plaintiffs and the Putative Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

42.     Empereon has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

43.     Empereon has been aware of its obligation to pay overtime for all hours worked in excess of forty (40) each week to Plaintiffs and the Putative Class Members but has failed to do so.

44.     Because Empereon did not pay Plaintiffs and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Empereon's pay policies and practices violate the FLSA.

45.     Because Empereon did not pay Plaintiffs and the Putative Class Members for all hours worked, Empereon's pay policies and practices also violated Texas state law and the Arizona, Pennsylvania, and South Carolina Acts.

**VI.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

46.     All previous paragraphs are incorporated as though fully set forth herein.

47.     The FLSA Collective is defined as:

**ALL CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY EMPEREON MARKETING, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 20, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

48.     At all times hereinafter mentioned, Empereon has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49.     At all times hereinafter mentioned, Empereon has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50.     During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Empereon, these individuals have provided services for Empereon that involved interstate commerce for purposes of the FLSA.

51.     In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

52.     Specifically, Plaintiffs and the FLSA Collective Members have been non-exempt employees of Empereon who assisted customers who live throughout the United States. 29 U.S.C. § 203(j).

53.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

54. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 47.

55. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Empereon.

## B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

56. Empereon has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

57. Moreover, Empereon knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forth (40) each week. 29 U.S.C. § 255(a).

58. Empereon knew or should have known its pay practices were in violation of the FLSA.

59. Empereon is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

60. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Empereon to pay them according to the law.

61. The decisions and practices by Empereon to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

62.     Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

63.     All previous paragraphs are incorporated as though fully set forth herein.

64.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Empereon's employees throughout the United States who are similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were not paid.

65.     Other similarly situated employees of Empereon have been victimized by Empereon's patterns, practices, and policies, which are in willful violation of the FLSA.

66.     The FLSA Collective Members are defined in Paragraph 47.

67.     Empereon's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Empereon, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

68.     Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

69.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

70.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

71.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

72.     Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and Empereon will retain the proceeds of its violations of the FLSA.

73.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

74.     Accordingly, the FLSA Collective of similarly situated plaintiffs should be certified as defined as in Paragraph 47 and notice should be promptly sent.

<u>**COUNT TWO**</u>
**(Class Action Alleging Violations of Texas Common Law)**

**A.      VIOLATIONS OF TEXAS COMMON LAW**

75.     All previous paragraphs are incorporated as though fully set forth herein.

76.     Plaintiff Parnell-Dougharty further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983).

77.     The Texas Common-Law Class is defined as:

**ALL CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY EMPEREON MARKETING, LLC, IN THE STATE OF TEXAS, AT ANY TIME FROM JULY 20, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

78.     The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Empereon. These claims are independent of Plaintiff Parnell-Dougharty's claims for unpaid overtime wages pursuant to the FLSA, and they are

therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F.Supp.3d 860, 867 (S.D. Tex. 2014).

79.     The Texas Common-Law Class Members provided valuable services for Empereon, at Empereon's direction and with Empereon's acquiescence.

80.     Empereon accepted Plaintiff Parnell-Dougharty and the Texas Common-Law Class Members' services and benefited from their timely dedication to Empereon's policies and adherence to Empereon's schedule.

81.     Empereon was aware that Plaintiff Parnell-Dougharty and the Texas Common-Law Class Members expected to be compensated for the services they provided to Empereon.

82.     Empereon has therefore been benefited from services rendered by Plaintiff Parnell-Dougharty and the Texas Common-Law Class Members and Plaintiff Parnell-Dougharty and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

## B.     TEXAS COMMON-LAW CLASS ALLEGATIONS

83.     Plaintiff Parnell-Dougharty brings her Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Empereon to work in Texas at any time since July 20, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

84.     Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

85.     The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

86.     Plaintiff Parnell-Dougharty is a member of the Texas Common-Law Class, her claims are typical of the claims of the other Texas Common-Law Class Members, and Plaintiff Parnell-

Dougharty no interests that are antagonistic to or in conflict with the interests of the other class members.

87.     Plaintiff Parnell-Dougharty and her counsel will fairly and adequately represent the Texas Common-Law Class Membersand their interests.

88.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

89.     Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 77.

**COUNT THREE**
**(Class Action Alleging Violations of the Arizona Act)**

**A.      ARIZONA ACT COVERAGE**

90.     All previous paragraphs are incorporated as though fully set forth herein.

91.     The Arizona Act Class is defined as:

**ALL CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY EMPEREON MARKETING, LLC, IN THE STATE OF ARIZONA, AT ANY TIME FROM JULY 20, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Arizona Class" or "Arizona Class Members").**

92.     At all times hereinafter mentioned, Empereon has been an employer within the meaning of the Arizona Act, A.R.S. § 23-350(3).

93.     At all times hereinafter mentioned, Plaintiff Silerio and the Arizona Class Members have been employees within the meaning of the Arizona Act, A.R.S. § 25-350(2).

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ARIZONA ACT**

94.     All previous paragraphs are incorporated as though fully set forth herein.

95.     Empereon owes Plaintiff Silerio and the Arizona Class Members wages, as defined in section 25-350(7) of the Act, to compensate them for labor and services they provided to Empereon in the furtherance of their job duties. *See* A.R.S. § 25-350(7), 351(C).

96.     Plaintiff Silerio and other Arizona Class Members have not been exempt from receiving overtime benefits under the Arizona Act.

97.     Plaintiff Silerio and the Arizona Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Empereon violated the Arizona Act by failing to pay Plaintiff Silerio and other Arizona Class Members for all of the hours they worked on its behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* A.R.S. § 25-350(7), 351(C).

98.     Plaintiff Silerio and the Arizona Class Members have suffered damages and continue to suffer damages as a result of Empereon's acts or omissions as described herein; though Empereon is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

99.     The Arizona Act provides that Plaintiff Silerio and the Arizona Class Members are entitled to recover treble, or three times, the amount of their unpaid wages. *See* A.R.S. § 25-355(A).

100.     In violating the Arizona Act, Empereon acted willfully, without a good faith basis and with reckless disregard of clearly applicable Arizona law.

101.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Arizona Act, is defined in Paragraph 91.

102.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Empereon.

## C.    ARIZONA ACT CLASS ALLEGATIONS

103.    Plaintiff Silerio brings her Arizona Act claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Empereon to work in Arizona at any time since July 20, 2015.

104.    Class action treatment of Plaintiff Silerio's Arizona Act claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

105.    The number of Arizona Class Members is so numerous that joinder of all class members is impracticable.

106.    Plaintiff Silerio is a member of the Arizona Class, her claims are typical of the claims of the other Arizona Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

107.    Plaintiff Silerio and her counsel will fairly and adequately represent the Arizona Class Membersand their interests.

108.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

109.    Accordingly, the Arizona Class should be certified as defined in Paragraph 91.

### COUNT FOUR
### (Class Action Alleging Violations of the South Carolina Act)

## A.    SOUTH CAROLINA ACT COVERAGE

110.    All previous paragraphs are incorporated as though fully set forth herein.

111.    The South Carolina Act Class is defined as:

**ALL CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY EMPEREON MARKETING, LLC, IN THE STATE OF SOUTH CAROLINA, AT ANY TIME FROM JULY 20, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("South Carolina Class" or "South Carolina Class Members").**

112.    At all times hereinafter mentioned, Empereon employed Plaintiff Henry and the South Carolina Class Members within the meaning of the South Carolina Payment of Wages Act, S.C. CODE ANN. §§ 41-10-10 through 110.

113.    Empereon has been an "employer" as defined by the South Carolina Act because it employs individuals in the State of South Carolina. *See* S.C. CODE ANN. § 41-10-10(1)

114.    Plaintiff Henry and the South Carolina Class Members are "employees" within the meaning of the South Carolina Act and are not free from the control and direction of Defendants.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE SOUTH CAROLINA ACT**

115.    All previous paragraphs are incorporated as though fully set forth herein.

116.    Empereon owes Plaintiff Henry and the South Carolina Class Members wages, as defined in section 41-10-10(2) of the Act, to compensate them for labor and services they provided to Empereon in the furtherance of their job duties.

117.    Empereon required Plaintiff Henry and the South Carolina Class Members to work and did not pay them for services rendered for the benefit of Empereon.

118.    Empereon failed to pay Plaintiff Henry and the South Carolina Class Members all wages due, as required by sections 41-10-40 and 41-10-50 of the Act.

119.    Pursuant to section 41-10-80(C) of the Act, Plaintiff Henry and the South Carolina Class Members are entitled to recover an amount equal to three times the full amount of their unpaid wages in addition to costs and reasonable attorneys' fees.

120.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the South Carolina Act, is defined in Paragraph 111.

121.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Empereon.

## C.     SOUTH CAROLINA ACT CLASS ALLEGATIONS

122.     Plaintiff Henry brings her South Carolina Act claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Empereon to work in South Carolina since July 20, 2015.

123.     Class action treatment of Plaintiff Henry's South Carolina Act claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

124.     The number of South Carolina Class Members is so numerous that joinder of all class members is impracticable.

125.     Plaintiff Henry is a member of the South Carolina Class, her claims are typical of the claims of the other South Carolina Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

126.     Plaintiff Henry and her counsel will fairly and adequately represent the South Carolina Class Members and their interests.

127.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

128.     Accordingly, the South Carolina Class should be certified as defined in Paragraph 111.

## COUNT FIVE
### (Class Action Alleging Violations of the PMWA)

## A.     PMWA COVERAGE

129.     All previous paragraphs are incorporated as though fully set forth herein.

130.    The PMWA Class is defined as:

**ALL CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY EMPEREON MARKETING, LLC, IN THE STATE OF PENNSYLVANIA, AT ANY TIME FROM JULY 20, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Pennsylvania Class" or "Pennsylvania Class Members").**

131.    At all times hereinafter mentioned, Empereon has been an employer within the meaning of the PMWA, 43 P.S. §§ 333.103(g).

132.    At all times hereinafter mentioned, Plaintiff Lounsbury and the Pennsylvania Class Members were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

## B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PMWA

133.    All previous paragraphs are incorporated as though fully set forth herein.

134.    The PMWA requires that covered employees be compensated for all hours worked. *See* 43. P.S. § 33.104(c); 34 PA. CODE § 231.41.

135.    The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate of not less than one and one-half times the hourly rate at which he is employed. *See* 43. P.S. § 33.104(c); 34 PA. CODE § 231.41.

136.    Empereon failed to accurate track all of the hours that Plaintiff Lounsbury and the Pennsylvania Class Members worked during the relevant time period. *See* 43 P.S. § 33.108 and 34 PA. CODE § 231.31.

137.    Plaintiff Lounsbury and the Pennsylvania Class Members worked more than forty (40) hours in workweeks during the relevant time period, however, Empereon violated the PMWA by failing to pay Plaintiffs and the Pennsylvania Class Members for all hours worked, and for failing to pay the correct overtime premium for hours worked over forty (40) per week, in violation of 43 P.S. § 333.104(c), .108.

138.    Plaintiff Lounsbury and the Pennsylvania Class Members have suffered damages and continue to suffer damages as a result of Empereon's acts or omissions as described herein; though Empereon is in possession and control of necessary documents and information from which Plaintiff Lounsbury and the Pennsylvania Class Members would be able to precisely calculate damages.

139.    In violating the PMWA, Empereon acted willfully, without a good faith basis and with reckless disregard of clearly applicable Pennsylvania law.

140.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Pennsylvania Act, is defined in Paragraph 130.

141.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Empereon.

## C.    PENNSYLVANIA ACT CLASS ALLEGATIONS

142.    Plaintiff Lounsbury brings his PMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Empereon to work in Pennsylvania at any time since July 20, 2015.

143.    Class action treatment of Plaintiff Lounsbury's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

144.    The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

145.    Plaintiff Lounsbury is a member of the Pennsylvania Class, his claims are typical of the claims of the other Pennsylvania Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

146.    Plaintiff Lounsbury and his counsel will fairly and adequately represent the Pennsylvania Class Members and their interests.

147.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

148.     Accordingly, the Pennsylvania Class should be certified as defined in Paragraph 130.

# VI.
## RELIEF SOUGHT

149.     Plaintiffs respectfully pray for judgment against Empereon as follows:

a.      For an Order certifying the FLSA Collective as defined in Paragraph 47 and requiring Empereon to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order certifying the Texas Common-Law Class as defined in Paragraph 77 and designating Plaintiff Parnell-Dougharty as the Class Representative of the Texas Common-Law Class

c.      For an Order certifying the Arizona Class as defined in Paragraph 91 and designating Plaintiff Silerio as Representative of the Arizona Class;

d.      For an Order certifying the South Carolina Class as defined in Paragraph 111, and designating Plaintiff Henry as Representative of the South Carolina Class;

e.      For an Order certifying the Pennsylvania Class as defined in Paragraph 130, and designating Plaintiff Lounsbury as Representative of the Pennsylvania Class;

f.      For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

g.      For an Order pursuant to Section 16(b) of the FLSA finding Empereon liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated

damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

h.      For an Order pursuant to Texas common law awarding Plaintiff Parnell-Dougharty and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

i.      For an Order pursuant to the Arizona Act awarding Plaintiff Silerio and the Arizona Class Members unpaid wages and other damages allowed by law;

j.      For an Order pursuant to the PMWA awarding Plaintiff Lounsbury and the PMWA Class Members unpaid wages and other damages allowed by law;

k.      For an Order pursuant to the South Carolina Act awarding Plaintiff Henry and the South Carolina Class Members unpaid wages and other damages allowed by law;

l.      For an Order awarding Plaintiffs the costs of this action;

m.      For an Order awarding Plaintiffs their attorneys' fees;

n.      For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

o.      For an Order awarding Plaintiffs service awards as permitted by law;

p.      For an Order compelling the accounting of the books and records of Empereon; and

q.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 20, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
                **Clif Alexander**
                Federal I.D. No. 1138436
                Texas Bar No. 24064805
                clif@a2xlaw.com
                **Austin W. Anderson**
                Federal I.D. No. 777114
                Texas Bar No. 24045189
                austin@a2xlaw.com
                **Lauren E. Braddy**
                Federal I.D. No. 1122168
                Texas Bar No. 24071993
                lauren@a2xlaw.com
                **Alan Clifton Gordon**
                Federal I.D. No. 19259
                Texas Bar No. 00793838
                cgordon@a2xlaw.com
                **Carter T. Hastings**
                Federal I.D. No. 3101064
                Texas Bar No. 24101879
                carter@a2xlaw.com
                **George Schimmel**
                Federal I.D. No. 2338068
                Texas Bar No. 24033039
                geordie@a2xlaw.com
                819 N. Upper Broadway
                Corpus Christi, Texas 78401
                Telephone: (361) 452-1279
                Facsimile: (361) 452-1284

                ***Attorneys in Charge for Plaintiffs and the Putative Class Members***